IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MICHAEL ROSS**                                                        **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:06-CV-0589-WHB-LRA**

**SHERIFF MARK SHEPARD**                           **DEFENDANT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter was scheduled for an omnibus hearing before the undersigned United States Magistrate Judge on March 27, 2007. Michael Ross ("Plaintiff") by his letter to the Court filed December 12, 2006, [#12] was notified of this hearing at the mailing address he provided to the Court: 1199 East Fernwood Road, McComb, MS, 39648. The Order setting this omnibus hearing was entered on February 8, 2007, and was mailed to Plaintiff at this address. Plaintiff's case was called on the docket of this Court, but Plaintiff failed to appear or otherwise contact the Court regarding his case. Plaintiff did not appear at that time or at any time during that day, nor has he called thereafter to report to the Court the reason for his absence. Counsel for Sheriff Mark Shepard ("Defendant"), Attorney Wayne Dowdy, of McComb, MS, appeared at the hearing on behalf of Defendant. The Court finds that this case should be dismissed *sua sponte* without prejudice due to Plaintiff's failure to prosecute his case and to obey the orders of the Court.

The district court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See* **McCullough v. Lynaugh**, 835 F.2d 1126 (5th Cir. 1988)*;* **Link v. Wabash R.R. Co.**, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that

remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  **Link**, *supra*, 370 U.S. at 630.  The actions of Plaintiff also prejudice the rights of Defendant to promptly and fully defend the claims made against him.

For these reasons, the undersigned recommends that this cause of action shall be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice, and that a Final Judgment dismissing the Complaint shall be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C.§ 636; **Douglas v United Services Auto. Ass'n.** 79 F.3d 1415, 1428 29 (5th Cir. 1996).

THIS the 29th day of March, 2007.

                                                 S/Linda Randle Anderson
                                         UNITED STATES MAGISTRATE JUDGE